IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CEDRIC LAMAR WILDER,           )
                               )
            Petitioner,        )
                               )
      v.                       )    1:08CV525
                               )
THEODIS BECK,                  )
                               )
            Respondent.        )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 2.) On June 29, 1995, in the Superior Court of Surry County, Petitioner was convicted by a jury of trafficking in more than 400 grams of cocaine by transporting and trafficking in more than 400 grams of cocaine by possession in cases 94 CRS 9125 and 95 CRS 1720. He was then sentenced to 175 to 219 months of imprisonment. Petitioner pursued a direct appeal, which was denied on October 15, 1996. State v. Wilder, 124 N.C. App. 136, 476 S.E.2d 394 (1996). He took no further action until April of 2008, when he filed a motion for appropriate relief in the state trial court. When this motion was not successful, he filed a habeas petition in this Court on July 5, 2008 in case 1:08CV480. That petition was dismissed without prejudice to his filing the present petition, which he subsequently did. Respondent has filed a motion to have the petition dismissed (Docket No. 5), Petitioner has responded (Docket

Nos. 8, 9, 12), and the matter is now before the Court for a decision.

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Clay v. United States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002).

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

(whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Here, Petitioner did file a direct appeal, which was denied on October 15, 1996.  His conviction then became final 35 days later on November 19, 1996 when the time for him to file for discretionary review with the North Carolina Supreme Court expired. See N.C.R. App. P. 14(a) & 15(b)(15 days to seek review after mandate issues); N.C.R. App. P. 32(b)(mandate issues 20 days after North Carolina Supreme Court's order is entered); Saquilar v. Harkleroad, 348 F. Supp. 2d 595, 598 (M.D.N.C. 2004)(conviction final 35 days after Court of Appeals issued order).  Petitioner's time to file under AEPDA then began to run.  It expired one year later without him having filed a petition in this Court or any motion for collateral relief in the state courts which would have tolled the running of the one-year limit.  In fact, Petitioner filed nothing else in any court for more than ten years.  His petition is clearly out of time under § 2244(d)(1).

Petitioner tries to avoid this fact in several ways.  First, he points to the 2008 motion for appropriate relief that he filed in state court and argues that there was no statute of limitation for filing it and that his claims in this Court are related to the

-3-

ones raised in the motion for appropriate relief. Although it may be true that there was no statute of limitations barring that motion, that is merely an observation regarding state law. The statute of limitations controlling the filing of habeas petitions in this Court is set out in § 2244(d). Whatever the state courts may allow, Petitioner had to file his claims in this court within the time limits set out in § 2244(d). He did not. As the Fourth Circuit has made clear, filings made in the state courts after the AEDPA limitation period has expired do not restart the time to file federally. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

Petitioner also states at various points in his pleadings that his claims are based on "new evidence" or a change in law. It is true that § 2244 does sometimes allow the time to file to run from the discovery of new evidence or a change in law. See 28 U.S.C. § 2244(d)(1)(C), (D). However, Petitioner's claims do not satisfy those provisions.

The "new evidence" provision states that the one-year period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, the facts supporting Petitioner's claims were in existence and appear to have been known to him at the time of his trial in 1995. The evidence on which his claims are based is a tape recording which he alleges that he asked his attorney to procure for trial. (Docket No. 2 at 6-8.) Obviously, this evidence is not new. If Petitioner asked

-4-

Case 1:08-cv-00525-JAB-RAE   Document 13   Filed 12/03/08   Page 4 of 7

his attorney to obtain it for trial, Petitioner knew about this evidence more than ten years prior to filing in this Court.

Likewise, 28 U.S.C. § 2244(d)(1)(C) allows the time to file to run from the time that a constitutional right asserted was initially recognized by the United States Supreme Court. However, it only applies if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. It is not entirely clear which "new law" he believes affects his claims. He does make apparent reference to a change in state law. This would not have affected the time to file a federal petition. Petitioner points to nothing that would affect the limitation period and the Court is aware of nothing. In the end, the petition was filed well out of time under § 2244(d).

Petitioner also makes other arguments in support of having his petition heard. He mentions his ignorance of the law and makes an argument that "on or before" 1997, his family was conned by a man named Richard Dean Mears into believing that Mears was an attorney who could help Petitioner and win his case. His arguments are in the nature of arguments seeking equitable tolling.

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary

-5-

circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

Quite clearly, Petitioner's arguments do not entitle him to equitable tolling. As set out above, unfamiliarity with the legal

process and a lack of representation do not entitle a petitioner to equitable tolling. As for the Mears allegation, Mears is currently serving time in federal prison for charges brought in this District (1:04CR212-1) which were related to scams similar to that described by Petitioner. However, it is not clear that any unfortunate interaction with Mears could ever entitle Petitioner to relief. More importantly, Petitioner describes the contact with Mears as having occurred in, or prior to, 1997. Petitioner still waited more than ten years past that point to seek relief in any court. He has not remotely shown the diligence necessary to receive equitable tolling. His petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 5) be granted, that the petition (Docket No. 2) be dismissed, and that Judgement be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

December 3, 2008

-7-

Case 1:08-cv-00525-JAB-RAE   Document 13   Filed 12/03/08   Page 7 of 7